UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE: CHARLES RICHARD ROBB          CHAPTER 13
                                     BANKRUPTCY CASE NO.22-02410-JAW

DENISE A. MCLAUGHLIN                                     PLAINTIFF

ADVERSARY PROCEEDING

NO. _____

CHARLES RICHARD ROBB                                     DEFENDANT

## COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT AND OTHER RELIEF

Denise A. McLaughlin ("McLaughlin"), a secured creditor and party in interest in the above referenced bankruptcy case, by and through counsel, files this Complaint For Determination of Dischargeability of Debt and Other Relief ("Complaint"), against Charles Richard Robb ("Debtor" or "Robb"), and in support thereof states:

### JURISDICTION

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C.§§ 157 and 1334, and 11 U.S.C.§§ 105 and 1328. This is a core proceeding pursuant to 28 U.S.C.§ 157 (b) (2) (A) and (I), 28 U.S.C. §§ 1334 and 11 U.S.C. § 523(a)(6).

2. This Court fixed February 13, 2023, as the deadline to file a complaint to determine dischargeability of debt under 11 U.S.C. § 523. This Complaint is timely filed.

### PARTIES

3. McLaughlin is a secured creditor of Debtor.

4. Debtor filed a Voluntary Petition For Relief under Chapter 13 of Title 11 of the United States Code (the "Code") on November 16, 2022 in the United States Bankruptcy Court

for the Southern District of Mississippi.

5. Debtor may be served, pursuant to Fed R. Bankr. P. 7004(1), by mailing a copy of the Summons and Complaint to 445 Johnstone Dr., Madison, MS 39110-7587 which address constitutes either Debtor's dwelling house or usual place of abode of the place which Debtor regularly conducts a business or profession.

## FACTS

6. McLaughlin is a secured creditor of Debtor having obtained a Final Judgment By Verdict ("Judgment") against Debtor on March 8, 2021, in the Circuit Court of Rankin County, Mississippi, Cause No. 61CI1:17-cv-256-A. A true and correct copy of the Judgment is attached as Exhibit "A".

7. The Judgment awarded McLaughlin judgment in the amount of $285,750.00 and remains unsatisfied.

8. The Judgment was rendered by a jury which concluded based on the evidence proved at trial that Debtor is liable to McLaughlin for his willful and malicious injury to her as follows:

(a) As of 2016, McLaughlin and Robb were co-workers at Mississippi State Ratings Bureau ("MSRB"), where McLaughlin worked in the windstorm department and Robb served as MSRB's director of information technology.

(b) On numerous occasions, Robb visited another female employee in McLaughlin's department and made lewd comments or otherwise engaged in inappropriate behavior that made McLaughlin uncomfortable.

(c) McLaughlin formally complained about Robb's conduct and sexual innuendos made in her presence. This was not the first workplace complaint directed at Robb;

there had been others, including from another female employee who claimed he physically assaulted and threatened her and a male employee who alleged Robb physically threatened and assaulted him.

(d)     Robb learned that McLaughlin complained about him and, in a cold and calculated act of revenge, devised and carried out an intentional scheme to harm her.

(e)     With calculated efficiency, Robb obtained McLaughlin's cell phone number without her knowledge or consent and on two consecutive Sundays in November, 2016, Robb posted McLaughlin's cell phone number on Backpage.com, a website used for offering and soliciting prostitution, among other things, in its "escorts" and "adult services" sections.

(f)     Robb created and posted multiple advertisements with McLaughlin's phone number, encouraging would-be "johns" to contact "Denisa" (a slight variation on McLaughlin's first name, Denise).  The advertisements included a photograph of a scantily clad woman in lingerie, advertised rates for 30 and 60 minutes for "services" to be provided, claimed "redheads are better", and invited respondents pay to see "the half-time show."

(g)     Robb's malicious and intentional scheme was successful. Scores of men contacted McLaughlin and solicited her for sex. These sorts of contacts persisted for months, with the first occurring on Thanksgiving Day, 2016. McLaughlin, a single woman in her 60s who lived alone, was terrified, disgusted, embarrassed, and humiliated.

(h)     Respondents contacted McLaughlin, asking if she did "incalls and outcalls", asked to "score", called her a "whore", and used a variety of other profane and offensive language related to sex and prostitution.

(i)     McLaughlin's fear was compounded when she learned it was Robb who advertised her as a prostitute and caused harassment for months. When Robb was caught, he was

arrested in the workplace for cyberstalking McLaughlin. He resigned before he could be terminated. At the time he was caught, Robb was on probation at work for infiltrating and manipulating a co-worker's Facebook profile, falsely changing his co-worker's profile to make him appear to be a homosexual. That, too, was an act of revenge for a complaint that the co-worker had made about Robb.

(j) McLaughlin became so unsettled by Robb's malicious campaign of terror that she fled Mississippi—including her daughter and grandchildren—and moved to Florida.

9. Thereafter, McLaughlin sued Robb for intentional infliction of emotional distress, defamation per se, and invasion of privacy.

10. A jury found for McLaughlin on all three theories. The jury found Robb liable for intentional infliction of emotional distress as follows:

(a) Robb acted willfully or wantonly towards McLaughlin by obtaining her cell phone number without her permission, posting her cell phone number on a sexual solicitation website, and holding her out as soliciting sex from the public;

(b) Robb committed acts that evoked outrage or revulsion in civilized society;

(c) Robb directed his acts toward McLaughlin with specific intent to harm her;

(d) Robb caused McLaughlin to suffer severe emotional distress as a direct result of his acts; and

(e) McLaughlin's emotional distress was foreseeable from Robb's intentional acts.

11. The jury found Robb liable for invasion of privacy as follows:

(a) Robb intentionally intruded upon the solitude or seclusion of McLaughlin by obtaining her cell phone number and publishing it on a sexual solicitation website;

  (b)  Robb appropriated McLaughlin's identity for an unpermitted use;

  (c)  Robb publicly disclosed private facts about McLaughlin; and

  (d)  Robb intentionally held McLaughlin out to the public eye in a false light.

12. The jury found Robb liable for defamation per se as follows:

  (a)  Robb told third persons in writing that McLaughlin advertised herself on a sexual solicitation website, or words to or with that effect;

  (b)  Robb's intentional statements accused McLaughlin of being unchaste or promiscuous, of committing a major crime (prostitution), or engaging in conduct which harmed McLaughlin in her business, trade, profession, or office; and

  (c)  Robb's intentional statements were false and known to him to be false when made.

13. At trial, Robb admitted on cross examination that he posted the above-described advertisements about McLaughlin, admitted Backpage.com was used to post advertisements soliciting prostitution, and admitted the contents of the advertisements regarded the solicitation of sex in exchange for money. The Jury found that Robb acted willfully and maliciously toward McLaughlin.

14. Robb's actions toward McLaughlin were specifically and willfully done with intent to injure her which led to her injury. Robb acted with objective substantial certainty and/or with a subjective motive to inflict injury on McLaughlin.

15. Robb's debt to McLaughlin in the amount of $285,750.00 plus post judgment interest should be excepted from discharge under 11 U.S.C. §523.

WHEREFORE, Denise A. McLaughlin prays that the Court will find and order that:

A.  Robb's debt to McLaughlin in the amount of $285,750.00 plus post judgment interest is excepted from discharge under 11 U.S.C. §523; and,

B.  McLaughlin is entitled to such other relief as is reasonably necessary under the facts and circumstances of this case.

**DATED:** February 13, 2023.

                                  **DENISE A. McLAUGHLIN**

By: _/s/ Edward E. Lawler, Jr._
      Edward E. Lawler, Jr.
      Her Attorney

Edward E. Lawler, Jr.   MSB No. 1095
McKay Lawler Franklin & Foreman, PLLC
Post Office Box 2488
Ridgeland, MS 39158-2488
Telephone (601) 572-8778
Telefax (601) 572-8440
Email: elawler@mckaylawler.com

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing document were served upon the following:

Frank H. Coxwell
Coxwell Attorneys
1675 Lakeland Drive, Ste. 102
Jackson, MS 39216

United States Trustee
501 East Court Street, Suite 6-430
Jackson, MS 39201

James L. Henley, Jr.
Chapter 13 Trustee
Post Office Box 31980
Jackson, MS 39286-1980

Charles Richard Robb
445 Johnson Dr.
Madison, MS 39110

by United States mail, postage prepaid, or by electronic notice, on February 13, 2023.

                                  _/s/ Edward E. Lawler, Jr._
                                  Edward E. Lawler, Jr.