IN THE UNITED STATES BANKRUTPCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:  Charles Richard Robb  　　　　　　　　　　CHAPTER 13 CASE # 22-02410 JAW

DENISE A. MCLAUGHLIN  　　　　　　　　　　　　　　　　　　　　　　Plaintiff

v.  　　　　　　　　　　　　　　　　　　　　　　　　　　　ADV #  22-00004 JAW

CHARLES RICHARD ROBB  　　　　　　　　　　　　　　　　　　　　　Defendant

**Memorandum Brief in Support of Motion to Dismiss**

Defendant, Charles Robb ("Robb"), provides this Memorandum Brief in support of his Motion to Dismiss as required by Miss. Bankr. L.C. 7012(1) and Miss. Bankr. L.R. 7065-1(3). Robb seeks the dismissal of the Complaint on two grounds (1) failure to properly serve the Complaint, and (2) failure to state a claim for which relief can be granted.

**I. Plaintiff failed to properly serve the Complaint**

The affirmative defense of failure to properly serve a complaint is in Fed. R. Civ. P. 12(b)(5), which is made applicable to this adversary proceeding through Fed. R. Bankr. Proc. 7012(b). The Plaintiff has failed to properly serve Debtor's attorney of record, Frank H. Coxwell, as required by Fed. R. Bankr. Proc. 7004(g).

The Plaintiff did not serve the first summons, which was issues on February 14, 2023. They then had the Clerk issue a new summons on March 9, 2023, which was served on March 10, 2023 only to the Debtor and not also the Debtor's counsel as required by Rule 7004(g). The failure to serve both the debtor and the debtor's attorney of record as required by the rules, renders the service of only one as insufficient.  While the issue of a summons can be corrected, it nevertheless renders the action subject to dismissal.

**II. Plaintiff fails to state a claim in which relief can be granted.**

Robb also moves the Court to dismiss this Complaint for failure to state a claim for which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), which is applicable through Fed. R. Bankr. Proc. 7012(b). The Plaintiff filed this Complaint for Non-dischargeabilty of their claim under 11 U.S.C.

§523(a)(6). The discharge under a Chapter 13 bankruptcy case is commonly referred to as the "super discharge."

While 11 U.S.C. §523 discussed what debts are excepted from discharge, both Chapter 7 and Chapter 13 have their own code sections regarding discharge. For a Chapter 7 bankruptcy it is 11 U.S.C. §727, which does incorporate all of §523 in §727(b). For Chapter 13 bankruptcy cases, discharge is discussed under 11 U.S.C. §1328, which only incorporates a limited number of §523(a) subsections. Under §1328(a)(2), only subsections (1)(B), (1)(C), (2), (3), (4), (5), (8) or (9) of §523(a) are excepted from discharge in a Chapter 13 bankruptcy. As Plaintiff attempts to claim their debt as excepted from discharge under §523(a)(6), they have failed to state a claim for which relief can be sought through this Chapter 13 bankruptcy.

## Conclusion

Plaintiff failed to properly serve the Complaint according to Fed. R. Bankr. Proc. 7004(g), and Plaintiff brings claims that are improper due to the type of bankruptcy Robb, the Defendant, is engaged in. As such, the Defendant asks that the Motion to Dismiss be granted pursuant to Fed. R. Civ. P. 12(b)(5) and (6).

Respectfully submitted,
*/s/ Rachel Coxwell*
Rachel A. Coxwell MSB#105559                     April 10, 2023
Coxwell Attorneys PLLC
1675 Lakeland Dr. #102, Jackson MS 39216
O:601-948-4450
rachel@coxwellattorneys.com

Certificate of Service

I hereby certify that I have this day served via ECF electronic filing and/or United States mail, postage prepaid, a true and correct copy of the above pleading(s) to the following:

Hon. Ed Lawler Jr.
McKay Lawler Franklin & Foreman PLLC
POB 2488, Ridgeland MS 39158-2488
elawler@mckaylawler.com

*/s/ Rachel Coxwell*
Rachel A. Coxwell                                April 10, 2023