# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **IN RE: CHARLES RICHARD ROBB** | **CHAPTER 13** |
| **DEBTOR** | **BANKRUPTCY NO.: 22-02410-JAW** |
| | |
| **DENISE A. MCLAUGHLIN** | **PLAINTIFF** |
| | **ADVERSARY PROCEEDING NO.: 23-00004-JAW** |
| **CHARLES RICHARD ROBB** | **DEFENDANT** |

**DENISE A. MCLAUGHLIN'S RESPONSE WITH AUTHORITIES IN OPPOSITION TO DEBTOR'S MOTION TO DISMISS**

COMES NOW Denise A. McLaughlin ("McLaughlin"), through counsel, files her Response in Opposition to the Motion to Dismiss filed by Richard Robb ("Robb") [ECF Nos. 15 & 16 (Adversary Proceeding)]. In support thereof, McLaughlin states and argues as follows:

**I.    11 U.S.C. § 1328 Does Not Extinguish McLaughlin's Claim Against Robb**

Consistent with his prior practice, Robb's Motion to Dismiss ("Motion") is borderline frivolous. Even a cursory reading of the Motion belies his true objective: achieve maximum delay at every opportunity without regard to the parties' and Court's expenditure of resources in resolving arguments that lack merit on their face.

Robb claims that because he seeks relief under Chapter 13 of the Bankruptcy Code, he is entitled to a complete discharge of liability to McLaughlin despite intentionally and maliciously harming her. For support, Robb cites 11 U.S.C. § 1328(a)(2) and claims that section, unique to Chapter 13 proceedings, does not incorporate 11 U.S.C. § 523(a)(6). Accordingly, Robb argues, his debt owed to McLaughlin is dischargeable.

Robb overlooks 11 U.S.C. § 1328(a)(4) which provides a debtor is not entitled to discharge for debts arising from "damages, awarded in a civil action against the debtor as a result of willful

or malicious injury by the debtor that caused personal injury….". Bankruptcy courts have construed "personal injury" in Section 1328(a)(4) to encompass and include non-physical injuries of the sort Robb caused McLaughlin to suffer. *See, e.g.*, *In re Adams*, 478 B.R. 476, 486-88 & 489-90 (Bankr. N.D. Ga. 2012) (construing "personal injury" to include non-physical injuries and holding damages resulting from defamation were *not* subject to discharge). 2his Court has also so held. *See In re Miller*, 589 B.R. 550, 563 (Bankr. S.D. Miss. 2018) ("the intentional infliction of emotional distress and alienation of affection claims clearly are personal injury tort claims….[and] the term 'personal injury' in § 1328(a)(4) may include non-physical injuries so long as the underlying cause of action is personal in nature") (citation and quotations omitted).

For the reasons stated in her Complaint, McLaughlin's claim against Robb for injuries he willfully and maliciously caused her to suffer are not dischargeable. In this regard, the Motion should be denied.

## II.    Robb's Attorney Received Service of the Complaint

Robb also contends that McLaughlin did not serve on his counsel a copy of the Complaint as required by Federal Rule of Bankruptcy Procedure 7004(g) and, accordingly, dismissal is warranted. His contention is factually and legally incorrect.

Rule 7004(g) states, in pertinent part, that "If the debtor is represented by an attorney, whenever service is made upon the debtor under this Rule, service shall also be made upon the debtor's attorney by any means authorized under Rule 5(b) F.R.Civ.P." Local Rule 5.1(c) states, in turn, that "the district courts for the Northern District and the Southern District of Mississippi have implemented Administrative Procedures for Electronic Case Filing prescribing the procedures and standards governing electronically filing, signing, and verifying documents." And the Southern District of Mississippi's Administrative Procedures for Electronic Case Filing,

Section 4.A.1, states "The system will generate a 'Notice of Electronic Filing' when any document is filed. This notice represents *service* of the document on parties who are registered participants with the system." (emphasis added).

Pursuant to Rule 7004(g), Local Rule 5.1, and the Administrative Procedures for Electronic Case Filing, McLaughlin filed her Complaint in the Chapter 13 Proceeding (Case No. 22-02410-JAW [ECF No. 32]) and the Adversary Proceeding [ECF No. 1]. At the very least, Robb's counsel received a Notice of Electronic Filing in the Chapter 13 Proceeding [ECF No. 32] and, pursuant to the rules described above, was deemed to have been served upon receipt of the electronic notice.

### III. Conclusion

For the foregoing reasons, McLaughlin respectfully requests this Court deny Robb's Motion to Dismiss her Complaint.

Date: April 19, 2023

        Respectfully submitted,

        **DENISE A. MCLAUGHLIN**

        */s/ Chadwick M. Welch*
        Chadwick M. Welch (MSB No. 105588)
        HEIDELBERG PATTERSON WELCH WRIGHT
        368 Highland Colony Parkway
        Ridgeland, Mississippi 39157
        Tel. 601.790.1588
        Fax. 601.707.3075
        cwelch@hpwlawgroup.com

        *One of her attorneys*

**CERTIFICATE OF SERVICE**

      I, Chadwick M. Welch, attorney for Denise McLaughlin, do hereby certify that I have this day filed the above pleading with the clerk of the Court via the Court's electronic filing system, which will cause notification to be delivered to all counsel of record.

      THIS, the 19th day of April 2023.

                                        */s/ Chadwick M. Welch*
                                        Chadwick M. Welch