___



**SO ORDERED,**

**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
**Date Signed: May 18, 2023**

The Order of the Court is set forth below. The docket reflects the date entered.
___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:

| | |
|---|---|
| **CHARLES RICHARD ROBB,** | **CASE NO. 22-02410-JAW** |
| **DEBTOR.** | **CHAPTER 13** |
| **DENISE A. MCLAUGHLIN** | **PLAINTIFF** |
| **VS.** | **ADV. PROC. 23-00004-JAW** |
| **CHARLES RICHARD ROBB** | **DEFENDANT** |

### ORDER DENYING MOTION TO DISMISS

This matter came before the Court for hearing on May 17, 2023 (the "Hearing"), on the Motion to Dismiss (the "Motion to Dismiss") (Adv. Dkt. #15) filed by Charles Richard Robb (the "Debtor"); Denise A. McLaughlin's Response with Authorities in Opposition to Debtor's Motion to Dismiss (the "Response") (Adv. Dkt. #21) filed by Denise A. McLaughlin ("McLaughlin"); and Defendant's Reply in Support of Motion to Dismiss (Adv. Dkt. #22) filed by the Debtor in the above-referenced adversary proceeding (the "Adversary"). At the Hearing, Frank Coxwell represented the Debtor and Chadwick Welch represented McLaughlin.

The Debtor's Motion to Dismiss is predicated on two grounds: (1) that Debtor's counsel has not been served properly in accordance with MISS. BANKR. L.R. 5005-1(a)(2)(A) which excepts a summons and complaint from electronic service and (2) that McLaughlin failed to state a

claim upon which relief could be granted pursuant to Fed. R. Bankr. P. 7012(b). Debtor bases his second argument in the Motion to Dismiss on the references in the Complaint for Determination of Dischargeability of Debt and Other Relief (the "Complaint") (Adv. Dkt. #1) to 11 U.S.C. § 523(a)(6), which is not included in the list of subsections of 11 U.S.C. § 523 excepted from discharge under 11 U.S.C. § 1328(a)(2), the relevant chapter 13 discharge provision. Mclaughlin states in her Response that even if 11 U.S.C. § 523(a)(6) does not apply, 11 U.S.C. § 1328(a)(4) applies instead to except the discharge of her debt in this case. Section 1328 is referenced in the first numbered paragraph of the Complaint. (Adv. Dkt. #1 at 1).

At the Hearing, both party representatives agreed that the reference in the Complaint to 11 U.S.C. § 1328 rendered it sufficient and afforded the Debtor adequate notice of the allegations against him in the Adversary. (Mot. Hr'g at 10:05 (May 17, 2023)).[1] The Debtor further conceded that proper service had been effected on April 13, 2023, as evidenced by the certificate of service filed at Adv. Dkt. #19. (Mot. Hr'g at 10:02).

Based on the foregoing reasons and the parties' concessions in open court, the Court finds that the Motion to Dismiss should be denied.

IT IS, THEREFORE, ORDERED that the Motion to Dismiss is hereby denied.

##END OF ORDER##

---

[1] The Hearing was not transcribed. Citations are to the timestamp of the audio recording.